## CIRCUIT COURT OF CLARKE COUNTY

Leslie C. Ogilvie

v.

Magnetics, Inc., et al.

October 31, 1987

Case No. (Law) 1998

By JUDGE ROBERT K. WOLTZ

The issue presented is raised by a motion in limine by the plaintiff to exclude at the impending civil trial testimony of a defendant, now deceased, at his prosecution for a traffic violation.

The plaintiff was the operator of a car involved in a highway accident with a truck driven by the defendant, Paul Scott Robinson, an employee of the other defendant, Magnetics, Inc. Some time after the accident Robinson was prosecuted for a traffic violation associated with the accident. He testified at that trial and his testimony was taken down and transcribed. Subsequently, Robinson died and suggestion of death was filed in the present proceeding.

In the judicial pursuit of truth and justice the fact finding process is crucial. In that process two cardinal considerations are present: to hear and consider all relevant and material evidence on the one hand, and to restrict this evidence to that only as to which there is some weighty and practical assurance of its reliability or "trustworthiness." To state the proposition is to state the tension which inheres in it between its two parts. The hearsay rule and its numerous exceptions exemplify the tension. The general rule which excludes the admission

of hearsay evidence springs from the need to prohibit unreliable evidence, while the exceptions to that rule are reflective of a compulsion to consider all the evidence. Prior testimony of a witness, whether a party or not, given in a former trial of the same matter or in some other action previously heard is considered by most authorities to be hearsay. But when certain technical requirements are met the "prior testimony" exception allows its admissibility. So far as reliability is concerned the exception is undergirded by the existence on the former occasion of the sanction of an oath and the opportunity for cross-examination.

In support of her contention that the testimony of Robinson in the traffic trial is inadmissible in this trial the plaintiff cites *Director General v. Gordon*, 134 Va. 381 (1922). At the third trial in that case the testimony, which had been duly recorded, of a witness present and testifying at the second trial but absent at the third trial was sought to be introduced. In sustaining the exclusion of the prior testimony the case quoted the following rule on admissibility of the prior testimony of an absent witness from 16 Cyc. 1088 (1905):

> The court must be satisfied: (1) That the party against whom the evidence is offered, or his privy, was a party on the former trial; (2) that the issue is substantially the same in the two cases; (3) that the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; and (4) that a sufficient reason is shown why the original witness is not produced. The first three of these conditions render the reported evidence relevant; the fourth is necessary to justify the court in receiving it.

The case held that the first three requirements of the rule had been satisfied, but not the fourth. The testimony of a non-party witness was in issue. Furthermore, though the case stated a four pronged rule discussion and decision involved only the fourth one.

*Burton v. Oldfield*, 195 Va. 544 (1954), is another case involving the admissibility of prior testimony of

a non-party witness in the form of a transcript from a previous trial of the same action. The issue like that in *Director General* was the availability of absent witnesses but unlike that case the prior testimony was admitted.

In the case at bar unavailability of the witness is not in dispute. Death is the most absolute proof of that fact. Citing *Gray v. Graham*, 231 Va. 1 (1986), the plaintiff also concedes that the issue is "substantially the same" in the prior criminal trial against Robinson and the present proceeding, and also that the transcript would be satisfactory evidence of the correctness of Robinson's prior testimony. *Gray* cites *Director General* and affirms the four part criterion established in it. *Gray* is similar to the present case. It was a suit for personal injuries growing out of an automobile accident, though the defendants were two rather than one truck drivers and their respective employers. The prior testimony sought to be introduced was in transcript form and consisted in the prior testimony of one of the truck drivers, since deceased, in a criminal trial on a traffic charge against the other defendant truck driver. Like the present case there was no issue as to the assurance of correctness of the prior testimony nor the unavailability of the witness.

The holding involved the resolution of the second point of the prior testimony hearsay exception, namely whether the issues were substantially the same in the previous criminal trial and the later civil action, and that part of the first requirement of the rule which concerned privity of parties, specifically whether the employer of the prosecuted truck driver was his privy. These points were decided favorably to the plaintiff and admission of the prior testimony was sustained. *Gray* also concerned the admissibility at the civil trial of extrajudicial declarations of the deceased truck driver under Code Section 8.01-397, the "dead man's statute" about which more later.

The first test for admissibility of prior testimony as explicated by *Gray* is determinative here. That decision emphasized "the plain language" in *Director General* "that it is the party against whom the [prior testimony] is offered. . . whose presence as a party to the earlier action is required." There the evidence was being offered

against the defendant truck driver who was prosecuted in the prior criminal trial concerning the accident, and his employer who was determined to be his privy. In that proceeding the great right of cross-examination of the subsequently deceased truck driver, a prosecution witness, by the party against whom the prior testimony was offered existed and was exercised.

Here the plaintiff, the party against whom the prior testimony is sought to be offered, was not a party to the former criminal trial. As a non-party to that proceeding she had no right to cross-examine the person whose prior testimony is now sought to be offered as evidence against her. Assuming all the other tests of the rule are met the first test is not and this evidence is inadmissible under the prior testimony hearsay exception.

There remains, however, the question whether the deceased party-witness' testimony can be introduced at trial under the dead man's statute, Code § 8.01-397, the pertinent part of which states:

> In an action by or against a person who, from any cause, is incapable of testifying, or by or against the. . . executor, administrator. . . or other representative of the person so incapable of testifying. . . whether such adverse party testifies or not, all entries, memoranda, and declarations by the party so incapable of testifying made while he was capable, relevant to the matter in issue, may be received as evidence in all proceedings including without limitation those to which a person under a disability is a party.

Under the Code of 1887 where one party to a transaction had died or was subject to other legal infirmity and so was incapable of testifying, in general the other party to the transaction was incompetent to testify in an action brought. The Code of 1919 removed this incompetency. In turn it also established two safeguards for the benefit of the party incapable of testifying. Friend, The Law of Evidence in Virginia, § 60 (1977 ed.). The quoted portion of the present statute is the second of those safeguards.

This second safeguard under former § 8-286 applied only when the capable party testified, but in 1977 by liberalizing amendment the declarations, etc., of the incapable party became admissible "whether such adverse party testifies or not." While the other safeguard provided by the statute, dealing with corroboration of testimony, was in issue in *Epes' Adm'r. v. Hardaway*, 135 Va. 80 (1923), that case termed the dead man's statute "highly remedial." There is every reason to believe that description applies to the whole statute, including the provision quoted above.

Question arises whether the transcribed testimony of Robinson given at the prior criminal trial against him is hearsay. That transcript may not meet the niceties of the various definitions of hearsay. These usually refer to testimony of a witness about extrajudicial statements made by some other person. In any event, evidence admissible under the dead man's statute is customarily and not categorized as an exception to the hearsay rule. *See, Friend*, §§ 230-249, listing and discussing hearsay exceptions; but note at § 232 the author includes judicial statements in the form of prior testimony of an unavailable witness as an exception to the hearsay rule, and *Gray v. Graham, supra*, expressly dealt with such prior testimony as an exception to the rule. Regardless of the subtleties of definition and distinction I can find no reason why Robinson's prior testimony is not admissible under the deadman's statute, though this view is subject to two impediments.

The first is the *Gray* case. If the prior testimony of the deceased party witness in that case was admissible under the deadman's statute then there is difficulty in understanding why the first part of the opinion dealt intricately and at length with its admission under the prior testimony hearsay exception. This is emphasized by the second part of the opinion holding admissible under the statute extrajudicial statements made by the same witness. A possible explanation is that this was the way the questions were presented in the trial court and presumably briefed and argued on the appeal.

The second impediment is that § 8.01-397 makes admissible the "declarations" of the party incapable of testifying. In the field of evidence a declaration is defined as "an unsworn statement or narration of facts made by

a party to the transaction," or "similar statements made by a person since deceased. . . *e.g.* 'dying declarations'." Black's Law Dictionary (3rd ed.).

Considering the "highly remedial" nature of the statute, however, I cannot conceive that the legislature intended the word to be used in such a restrictive sense. As the statute makes all entries and memoranda as well as declarations of the incapable party admissible it would go against reason that such unsworn matter is receivable in evidence to the exclusion of matter given under oath with the sanction of perjury (and with the safeguard in this case of cross examination though not that of the adverse party, but at least by the criminal prosecutor whose motivation would be quite similar). On this basis the exclusion would approach an absurdity of result.

In fine, I conclude that the prior testimony of the now deceased party witness Robinson in his criminal trial is admissible under the provisions of § 8.01-397, and the motion in limine is denied. Of course admissibility of this evidence is subject to the qualification in the statute itself that it be "relevant to the matter in issue."